UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80651-Civ-Middlebrooks/Brannon

TERRY V. WOODS

      Plaintiff,

vs.

STEVEN MICHAEL, *et al.,*

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE TO HOLD DEFENDANTS, STEVEN MICHAEL AND ANDREW GREENBAUM IN CIVIL CONTEMPT

THIS CAUSE is before the Court following a hearing held on November 24, 2020 on Plaintiff's Motion for Order to Show Cause to Hold Defendants, Steven Michael and Andrew Greenbaum in Civil Contempt [DE 76] and Plaintiff's Amended Motion [DE 86], which have been referred to the undersigned for resolution [DE 33].  Having heard from counsel, and for the reasons stated on the record, the Court rules as follows.

In the complaint, Plaintiff alleges he was fraudulently induced into transferring $7.7 million to Michael and Greenbaum, and their various entities as an investment in the purported development of various large-scale projects in Florida, Ohio, Kentucky, and Missouri. [DE 83]. The complaint alleges the following against Michael and Greenbaum: 1) fraudulent material representations, 2) civil RICO, 3) conspiracy to commit civil RICO, 4) breach of fiduciary duty, and 5) conversion.  *Id.*  The complaint further seeks/alleges 1) declaratory judgment against Michael, Greenbaum, and Hudson Orlando Entities, seeking declaration of Woods various ownership stakes in the Hudson Orlando Entities; 2) one count each of breach of promissory note

1

against Hudson Orlando Kissimmee, LLC, and Hudson Holdings, LLC; 3) breach of contract against Hudson Holdings, LLC, for failure to repay $6.5 million; 4) breach of contract against Michael, Greenbaum, and HH St. Louis Railway, LP, for failure to repay a loan of approximately $1 million and for failure to pay Woods' attorneys' fees for drafting the loan agreement; 5) unjust enrichment against HP Andre Way, LLC; and 6) declaratory judgement against Michael, Greenbaum, and Hudson St. Louis Entities seeking declaration that Woods is the sole member of Hudson Real Estate Holdings, LLC. *Id.*

On July 17, 2020, Defendants were ordered to "begin to produce documents no later than July 30, 2020, and all documents must be produced by August 17, 2020." [DE 40]. Because Defendants did not produce any documents, the Court awarded Plaintiff fees and costs incurred in connection with the Defendants failure to obey the order. [DE 63]. The Court also ordered Defendants to produce all responsive documents to the outstanding discovery requests by September 17, 2020. *Id.*

Thereafter, Plaintiff filed its Motion [DE 76] and two supplements to its Motion [DE 77 & 78]. Because the Court was unlikely to recommend the most extreme sanction of incarceration, the Court ordered Plaintiff to address lesser sanctions in an amended motion. [DE 81]. The Court also ordered Defendants to bring themselves into compliance with prior disco orders by November 6, 2020 and ordered Defendants to file a response showing cause why sanctions should not be imposed. *Id.* This matter is fully briefed. [DE 79, 80, 85, 86, 90].

Plaintiff argues that the individual Defendants continues to violate discovery orders. Through subpoenas and its expert accountant, Plaintiff discovered numerous documents Defendant failed to produce and has denied having in its possession and control. In addition to civil contempt, Plaintiff seeks default judgment in its favor. Plaintiff also seeks a) attorneys' fees

and expert witness fees incurred in connection with their continued failure to comply with this Court's orders and fully respond to Plaintiff's discovery requests; b) the individual Defendants should be required to pay for a computer/IT expert, selected by Plaintiff, to (1) clone all of Defendants' computer hard drives, so that expert can review those drives to determine whether all responsive documents and information has been produced; and (2) provide that expert with access to all of their physical files wherever they are located, so that the expert can review those files to determine whether all responsive documents and information has been produced, with the individual Defendants paying for that review; and c) the individual Defendants should each be required to file with the Court an affidavit to provide certain information and to swear the information is correct.

A party must produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control [.]" Fed. R. Civ. P. 34(a). Whether documents are in a party's control under Rule 34 is broadly construed. *See, e.g., Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984) (finding that "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand"). "Control," therefore, does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents have been considered to be under a party's control (for discovery purposes) when that party has the "right, authority, or practical ability to obtain the materials sought on demand." *Costa v. Kerzner Intern. Resorts, Inc.*, 277 F.R.D. 468, 470-71 (S.D. Fla. 2011).

There is no doubt that the missing documents discussed in Plaintiff's Motion are subject to the control of the individual Defendants. This includes but is not limited to, tax information; financial statements submitted in connection with a loan; other financial documents; documents

showing ownership interests in Tropic Partners Delray, LLC; and deeds and other documents showing ownership in real property.  Defendants have an obligation to search for and turn over documents it has control over even if Defendants may not have physical possession of the documents.  Defendants cannot avoid their obligations in discovery by failing to keep certain records in their physical possession.

Moreover, not only has Plaintiff found documents that were never turned over by Defendants, but Defendants have provided evasive answers to discovery requests.  For example, as to documents showing ownership in real property, Defendants answered that there are none, operating under the theory that if property is owned jointly, the individual Defendants are not the owner.  For another example, as to documents to show ownership interest in Tropic Partners Delray, LLC, Defendants responded on November 6, 2020 (the date given in the show cause order for Defendants to get into compliance of all discovery orders in advance of today's hearing). Defendants' position is that, as of November 6, Defendants answered the request truthfully when it said there were no documents to show ownership because of a recent transfer of ownership interest to Banyan Group, of which an individual Defendant is a manger.

Defendants have been warned that their repeated failure to comply with discovery and Court orders will result in additional monetary sanctions and will result in a recommendation of more severe sanctions to presiding United States District Judge Middlebrooks.

Finally, counsel for Defendants admits that Request for Production No. 9 was inadvertently overlooked.  At the hearing, counsel for Defendant agreed to provide a better response.

For the reasons for fully discussed on the record, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Order to Show Cause to Hold Defendants, Steven Michael and Andrew Greenbaum in Civil Contempt [DE 76] and Plaintiff's Amended Motion [DE 86] are **GRANTED IN PART.**

2. By or before Noon 12:00 PM EST on November 30, 2020, Defendant shall provide to Plaintiff the date the Defendants' extension to file their 2019 taxes expires.

3. By or before Noon 12:00 PM EST on December 4, 2020, Defendant shall provide to Plaintiff a) the name and contact information regarding of the individual preparing Defendants' taxes; b) whether Defendants have a financial advisor(s); and, if so; c) the name and contact information of the financial advisor(s).

4. By or before Noon 12:00 PM EST on December 4, 2020, Defendants shall a) provide a better response to Request for Production No. 9 and; b) provide a response regarding the list of records discovered by Plaintiff's expert accountant.

5. Plaintiff is entitled to reasonable fees and costs in bringing its Motion and the fee for its expert accountant.  Plaintiff shall file a motion for approval of their reasonable fees and costs by or before Noon 12:00 PM EST on December 4, 2020.  Defendants may file a good faith objection as to reasonableness by or before Noon 12:00 PM EST on December 9, 2020.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of November, 2020.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE