UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80651-Civ-Middlebrooks/Brannon

TERRY V. WOODS

       Plaintiff,

vs.

STEVEN MICHAEL, *et al.,*

       Defendants.

_____/

## ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS [DE 95]

THIS CAUSE is before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs ("Motion") [DE 95].  Defendants filed a response [DE 96], and Plaintiff replied [DE 98].  Being fully advised, the Court rules as follows.

The Court held a hearing on November 24, 2020 on Plaintiff's claims of continued discovery violations by Defendants.  [DE 92].  On November 25, 2020, this Court entered an Order on Plaintiff's Motion for Entry of Order to Show Cause to Hold Defendants, Steven Michael and Andrew Greenbaum, in Civil Contempt.  [DE 92].  This was the second sanctions order issued for Defendants' failure to comply with this Court's Orders and their discovery obligations.  [DE 63]. Having found entitlement to the reasonable fees and costs incurred in connection with bringing its motion and the fee for its expert accountant, the remaining issue to be resolved is the reasonableness of the award.

Plaintiff seeks a total of $23,918, which breaks down as follows: $13,375 in attorneys' fees; $219 in costs for the transcript; and $10,324 for the accountant's fees.  Attached to the motion is 1) the Affidavit of Craig A. Rubinstein one of the attorneys for Plaintiff, which sets forth the

1

attorneys' fees and costs incurred by Plaintiff; and 2) the Affidavit of Michael A. Crain, the expert accountant for Plaintiff, which sets forth the accounting fees incurred by Plaintiff.

Defendants argue against Plaintiff's Motion on the following grounds: 1) Plaintiff's counsel failed to comply with Local Rule 7.3(a)(5) by failing to provide the experience and qualifications Mr. Rubinstein; 2) Mr. Rubinstein's rate of $625 per hour is unreasonable; 3) Plaintiff's experts' hourly rates are unreasonable; and 4) Plaintiff's seek fees which are outside of the scope of the Court's order.

In reply, Plaintiff argues that 1) Local Rule 7.3 is inapplicable because it appears to govern motions for attorneys' fees that are brought based upon a contractual or statutory right, not an award of attorneys' fees that are imposed as a sanction for repeated violations of Court Orders; 2) Mr. Rubinstein's rate is commensurate with the prevailing rate in the local legal community for an attorney of his experience and abilities within the practice area of complex commercial litigation; 3) the hourly rates of Plaintiff's accountants from the well-known and well-regarded firm of Kaufman Rossin, are entirely consistent with the prevailing market rate for accountants of their caliber in the South Florida market; 4) the fees sought are within the scope of the order.  Plaintiff attached the Curriculum Vitae of Mr. Rubinstein to support his hourly rate of $625, the Curriculum Vitae of Dr. Michael A. Crain CPA/ABV, CFA, CFE to support his hourly rate of $550; and the Curriculum Vitae of Adam J. Lang, CPA/CFF, CFE, CVA to support his hourly rate of rate of $475.

As an initial matter, the Court ordered Plaintiff to file the instant Motion as a sanction against Defendants for violating Court orders and delaying discovery in this case.  As such, Plaintiff was not required to comply with the Local Rule that seeks to assist parties in resolving fee and costs disputes by agreement.

Turning to the appropriate sanction amount, when attorney's fees are awarded as a sanction, the standard for determining the reasonableness of the award is based on the Court's own discretion and expertise. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*, 140 Fed. Appx. 860, 864 n.1 (11th Cir. 2005); *Carro v. Integrated Tech, Group, LLC*, 14-CV-23788-PAS, 2016 WL 6534456, at *2 (S.D. Fla. Feb. 26, 2016); *McDonald v. Cooper Tire & Rubber Co.*, No. 801CV1306T27TGW, 2005 WL 3372855, at *2 n.3 (M.D. Fla. Dec. 12, 2005), *aff'd,* 186 Fed. Appx. 930 (11th Cir. 2006).  The Court finds that the hourly rate of $625 for Mr. Rubinstein is high, but reasonable. *See Kleiman v. Wright*, 18-80176-CV, 2020 WL 1980601, at *3 (S.D. Fla. Mar. 17, 2020).

That being said, upon review of the billing statements, it is apparent that some entries suffered from the well-known defect of block-billing.  The Court finds a 50% reduction to the following time entries remedies this infirmary: October 5-7, October 12, October 20, October 27-28, November 12, November 24, November 30. *McBride v. Legacy Components, LLC*, 8:15-CV-1983-EAK-TGW, 2018 WL 4381181, at *2 (M.D. Fla. Aug. 30, 2018), *aff'd,* 778 Fed. Appx. 708 (11th Cir. 2019).  The Court also finds that the September 17 time entry is too vague to award fees. Moreover, the Court gave Defendants a September 17 deadline to comply with the prior Court order; therefore, this entry may be unrelated to the motion at issue.  Otherwise, the records were sufficient to satisfy Defendants' obligation in seeking the requested attorney's fees.  Thus, the Court finds that, out of the total requested 21.4 hours, 14.45 hours are recoverable.  After making this reduction, the attorney's fees total $9,031.25.

As for the expert fee, the accounting firm reduced the total fee from $11,989 to $10,324 for 42.85 hours of work on this project.  The Court is satisfied that the total hours expended are reasonable and in connection with the motion at issue.  However, the Court finds that the fee for

3

this project is over the reasonable range contemplated by the Court in awarding the fee as a sanction. *See generally S.E.C. v. Digges*, 6:06CV137ORL-19KRS, 2007 WL 4884110, at *3 (M.D. Fla. Nov. 13, 2007); *Fed. Trade Comm'n v. Latrese & Kevin Enterprises, Inc.*, 3:08-CV-1001-J-34JRK, 2010 WL 11508174, at *8 (M.D. Fla. July 22, 2010). The Court finds that a 15% reduction of the expert fee is a reasonable sanction. As such, the expert fee total is $8,775.40.

The $219 to obtain the transcript is also awarded as it is a cost incurred as a result of the motion at issue.

Finally, the Court encourages the parties to work together in good faith to complete discovery in this case. The Court again cautions that it will not hesitate to continue to impose appropriate sanctions upon a showing that any party is willfully obstructing the discovery process.

Accordingly, Plaintiff's Motion for Attorneys' Fees and Costs [DE 95] is **GRANTED in part**. Defendants shall tender to Plaintiff $18,025.65 as a sanction for violating Court orders within thirty (30) days of the date of this Order.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of December, 2020.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

4