## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80651-CV-MIDDLEBROOKS/Brannon

TERRY V. WOODS,

    Plaintiff,

v.

STEVEN MICHAEL, *et al.*,

    Defendants.
_____/

### **ORDER ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

THIS CAUSE comes before the Court upon Defendants Steven Michael and Andrew Greenbaum's ("Defendants") Objections to Magistrate Judge's Order on Motion for Approval of Attorney's Fees and Costs ("Objections"), filed on December 30, 2020. (DE 102). Plaintiff responded in opposition on January 5, 2021. (DE 103). Defendants raise three objections to Magistrate Judge Dave Lee Brannon's Order on Motion for Attorneys' Fees and Costs. (DE 99). Because I find that the Order is not clearly erroneous or contrary to law, the Objections are overruled, and Judge Brannon's Order is affirmed.

### **BACKGROUND**

On November 25, 2020 Judge Brannon entered an Order on Plaintiff's Motion for Order to Show Cause to Hold Defendants, Steven Michael and Andrew Greenbaum, in Civil Contempt, wherein he determined that Plaintiff was "entitled to reasonable fees and costs in bringing its Motion and the fee for its expert accountant" as a sanction for Defendants' failure to comply with the Court's prior discovery orders. (DE 92 at 2, 5). Judge Brannon thus directed Plaintiff to file a motion for approval of their reasonable fees and costs. (*Id.* at 5).

In ruling on that motion, Judge Brannon entered the Order on Motion for Attorneys' Fees and Costs through which he awarded Plaintiff $18,025.65, consisting of: $9,031.25 in attorney's fees, $8,775.40 in expert fees, and $219.00 in costs. (DE 99). Plaintiff had requested $23,918.00 ($13,375.00 in attorney's fees, $10,324.00 in expert fees, and $219.00 in costs); however, Judge Brannon adjusted the fee awards downward by reducing the number of recoverable hours of attorney work from 21.4 to 14.45 hours and reducing the expert fee by 15%. (*Id.* at 3–4). This resulted in an approximately 25% reduction in the requested award.

## DISCUSSION

If a party files objections to a magistrate judge's order on a non-dispositive pretrial matter, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

In their Objections, Defendants argue that Judge Brannon's Order imposing the $18,025.65 sanction is clearly erroneous and contrary to law because (1) it awarded Plaintiff's attorney an excessive hourly rate, (2) it award Plaintiff an excessive expert fee, and (3) it awarded Plaintiff fees and costs for activities unrelated to bringing the Motion for Order to Show Cause to Hold Defendants, Steven Michael and Andrew Greenbaum, in Civil Contempt. (DE 102 at 5–9).

***Objection I.*** Defendants contend that Plaintiff's counsel's hourly rate of $625 is unreasonably high compared to "the going rate in the Southern District of Florida" for attorneys engaged in commercial litigation with comparable credentials and experience. (*Id.* at 5). To establish that the customary hourly rate is less than $625, and instead in the range of $425 to $475, Defendants cite to several cases from approximately ten years ago. (*Id.* at 5–6). The only assertion

bearing on current hourly rates of comparable attorneys is offered by Defendants' counsel, who has practiced law for approximately half the amount of time as Plaintiff's counsel and charges more than half of what Plaintiff's counsel charges per hour ($350.00). (*Id.* at 6 n.1). Thus, while I agree with Judge Brannon that Plaintiff's counsel's hourly rate is high, Defendants have failed to set forth evidence that would suggest that a $625 rate is an unreasonable hourly rate for a commercial litigator in South Florida who has nearly 25 years of experience. Indeed, Defendants even refer to Plaintiff's attorney's credentials as "unquestionable." (*Id.* at 5). Accordingly, Judge Brannon's finding of reasonableness at to Plaintiff's counsel's hourly rate was not clearly erroneous or contrary to law, particularly in light of the absence of contrary evidence.

*Objection II.* Defendants next argue that the Order is clearly erroneous because it awarded an excessive expert fee by finding an hourly rate of $475.00 to $550.00 reasonable. However, Defendants neither assert, nor provide evidence of, a "reasonable" hourly rate for expert accounting services by similar professionals in South Florida. In his Response, Plaintiff maintains that based on his two expert accountants' credentials, shared with Judge Brannon through each's curriculum vitae, along with the reputation of the accounting firm for which they work, hourly rates of $475.00 and $550.00 are not unreasonable. (DE 103 at 4–5). Because Defendants set forth no basis upon which to find such hourly rates unreasonable, I find that Judge Brannon's experts fees award was not clearly erroneous or contrary to law.

*Objection III.* Lastly, Defendants argue that the sanctions award was clearly erroneous because it awarded fees and costs incurred as the result of activities other than "bringing its Motion." (DE 92 at 5). I find that this argument is not well taken because it relies on an overly restrictive interpretation of the phrase "bringing its Motion." Defendants contend that any attorney's or expert's fees should be restricted to the cost of drafting and filing (and in the case of the accounting experts, advising Plaintiff of the missing discovery) the Motion for Order to Show

3

Cause to Hold Defendants, Steven Michael and Andrew Greenbaum, in Civil Contempt. (DE 102 at 7–9). Defendants' position ignores that bringing the said motion seeking sanctions for noncompliance with this Court's discovery orders involved more than simply putting ink on paper. Rather, Plaintiff, with the assistance of accounting experts, first had to ascertain the missing discovery (which was a significant undertaking given the thousands of documents Defendants produced), prepare internal records to document what discovery remained outstanding, and to communicate with one another and Defendants about the production deficiencies. I thus reject Defendants' interpretation of the phrase "bringing its Motion" as too formalistic and find that Judge Brannon did not commit clear error or rule in a manner contrary to law when he imposed the $18,025.65 sanction for the activities documented in Plaintiff's attorney's and expert's billing records.

Accordingly, after considering the Order on Motion for Attorneys' Fees and Costs, the Parties' arguments, and the relevant law, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Objections to Magistrate Judge's Order on Motion for Approval of Attorney's Fees and Costs (DE 102) are **OVERRULED**.

(2) Magistrate Judge Dave Lee Brannon's Order on Motion for Approval of Attorney's Fees and Costs (DE 102) is **AFFIRMED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 29th day of March, 2021.

Donald M. Middlebrooks
United States District Judge

cc:  Magistrate Judge Dave Lee Brannon;
     Counsel of Record